## ROSENDAHL v. ROSENDAHL.

Circuit Court, Palm Beach County.

October 8, 1954; February 14, 1955.

Caldwell, Pacetti, Robinson & Foster, West Palm Beach, for plaintiff.

Edward W. Starr, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

*October 8, 1954:* This cause was duly presented upon plaintiff's application for temporary relief, and upon testimony of the parties.

Recently, the defendant withdrew from a joint savings account $2,000. He is without any income at the present time. She is in need of funds to maintain herself and the child. Under the circumstances, it would be best for the defendant to remove himself from the home place.

Thereupon, it is ordered and decreed that the defendant pay over to plaintiff $1,000, being one-half of the funds recently withdrawn from the joint savings account; that the plaintiff utilize so much of these funds as may be reasonably necessary for her maintenance and support and the support of the child; that for the present the defendant be relieved from advancing funds for the support of his wife and child; that the defendant on or before 5 P.M., Sunday, October 10, 1954, remove himself from the premises occupied by the parties as a home and located at 735 42nd St., West Palm Beach; that the plaintiff have custody of the minor child, Roland E. Rosendahl, with the right to defendant to have the child visit with him at all reasonable times and places; that plaintiff be awarded exclusive temporary possession of the home premises, with the right to receive all of the rent from the duplex apartment; that the plaintiff out of the above funds, pay past due and current utility bills, as to all of which an accounting shall be had in due course; that defendant deliver to plaintiff for her use the 1946 Dodge sedan; that each party advance such funds as may be necessary for temporary counsel fees; and that the court retain jurisdiction of this cause for the purpose of enforcing this order and entering such further orders in the premises as may be appropriate.

JOSEPH S. WHITE, Circuit Judge.

*February 14, 1955:* This cause came on for the entry of final decree upon the pleadings, testimony taken orally before the court, and argument of counsel.

Thereupon, it is ordered and decreed that the marriage existing between the plaintiff, Sylvia Rosendahl, and the defendant, Russell E. Rosendahl, be and the same is hereby dissolved, and the plaintiff is granted an absolute divorce from the defendant, and each of the parties is restored to all of the rights and privileges of a single person.

Until further order of the court, the custody and control of the minor child of the parties is vested in the plaintiff, and the defendant shall have the right to visit with said child and have said child visit with him at all reasonable times and places.

The real estate heretofore owned by the parties as an estate by the entirety shall now be owned by them as tenants in common, provided, however, that until further order of the court, the plaintiff shall be entitled to the possession and exclusive occupancy of the premises at which the parties made their home when last living

together, and plaintiff shall be entitled to receive the rents and revenues from the apartment, until further order of the court, for the support of herself and child.

Each of the parties shall be entitled to one-half of the moneys on deposit in their joint names in First Federal Savings & Loan Association.

Title to the 1946 Dodge automobile, engine No. D24-50302, serial No. 3069813, is vested in the plaintiff, free and clear of any claim by the defendant, and plaintiff shall be taken and considered as the absolute owner thereof.

Each party shall pay the fees incurred by him or her for legal services in this suit.

The court retains jurisdiction to fix and regulate alimony and the support and custody of said child, as well as the use and occupancy of the said premises where the parties last resided together.

Court costs are assessed against the defendant.